T.C. Memo. 1996-334


UNITED STATES TAX COURT


PATRICK F. AND ARLENE GWON SHEEHY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17799-94.               Filed July 24, 1996.


<u>Ralph C. Larsen</u>, for petitioners.

<u>Christine V. Olsen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent determined a $57,301 deficiency in petitioners' 1991 Federal income tax, and an $11,460 section 6662(a) accuracy-related penalty for that year.

The issues for decision are (1) whether petitioners are entitled to deduct as research and development expenses $165,000

that Patrick F. Sheehy paid in 1991 to acquire interests in thoroughbred racehorses,[1] and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalty for 1991.

All section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

### FINDINGS OF FACT

At the time they filed their petition, petitioners Patrick F. and Arlene Gwon Sheehy, husband and wife, resided in Newport Beach, California. They timely filed their 1991 Federal income tax return.

### Background

Patrick F. Sheehy (petitioner) is a medical doctor who specializes in oncology and hematology. He is also engaged in the business of developing champion racehorses. Mrs. Sheehy is a research ophthalmologist.

### Super Horse, Inc.

During the year in issue, Super Horse, Inc. (Super Horse) purchased thoroughbred racehorses and sold interests in these horses to investors. Super Horse assisted individuals in

---

[1] In the notice of deficiency, respondent allowed petitioners $12,675 as a depreciation deduction in lieu of the claimed $165,000 deduction for research and development expenses.

identifying horses that could potentially become champion racehorses from their bloodlines. At all relevant times, John E. Judge was Super Horse's sole shareholder. Mr. Judge was also petitioners' accountant.

In 1991, petitioner paid Super Horse $165,000 to acquire interests in five thoroughbred racehorses, as follows:

| Date of Purchase | Horse | Interest | Price |
|---|---|---|---|
| 1/17/91 | U Gotta Bargain | 50% | $10,500 |
| 5/18/91 | Dr. Bounty | 50 | 13,000 |
| 5/18/91 | Gypsy Pirate | 66.6 | 14,000 |
| 8/25/91 | All the Days | 50 | 7,500 |
| 11/1/91 | Orchesis | 100 | 120,000 |
| Total | | | 165,000 |

Petitioner acquired his interests in these horses, believing that the horses could become champions based on their bloodlines. Super Horse trained these racehorses for petitioner.

Petitioners' 1991 Schedule C

On a Schedule C attached to their 1991 Federal income tax return, petitioners deducted $165,000 as research and development expenses.[2] This deduction relates to the amount petitioner paid Super Horse to acquire his racehorse interests. Petitioners took the deduction on the advice of Mr. Judge. They did not claim a depreciation deduction for the racehorses.

Notice of Deficiency

_____

[2] The deduction appears on line 27a, "Other expenses".

In the notice of deficiency, respondent disallowed petitioners' $165,000 deduction for research and development expenses based on the determination that expenses for purchasing racehorses are not deductible under section 174.

OPINION

Issue 1.  Research and Development Expense Deduction

Section 174(a) allows a deduction for research or experimental expenditures that are paid or incurred during the taxable year in connection with a trade or business.  Section 174(c) excepts from this treatment any amounts expended for "the acquisition or improvement of land, or for the acquisition or improvement of property to be used in connection with the research or experimentation and of a character which is subject to the allowance under section 167" (relating to depreciation deductions for property used in a trade or business or held for the production of income).

Racehorses are property of a character subject to the allowance for depreciation.  Sec. 1.167(a)-6(b), Income Tax Regs. ("Livestock acquired for * * * breeding * * * purposes may be depreciated"); see also Gamble v. Commissioner, 68 T.C 800, 812 (1977); Kirk v. Commissioner, 47 T.C. 177, 188 (1966).  Section 1.174-2(b)(4), Income Tax Regs., provides, in part, that amounts expended for research or experimentation do not include the costs attributable to the acquisition of the property.  Section 174(c)

provides that depreciation allowances under section 167 shall be considered expenditures under section 174.

Petitioner paid $165,000 to acquire interests in the thoroughbred racehorses. The racehorses are section 167 depreciable property. None of the amount was expended on research costs; accordingly, we hold that no portion of the $165,000 is deductible as a section 174(a) research and development expense.[3]

Issue 2. Section 6662(a) Penalty

Section 6662 imposes a penalty equal to 20 percent of the portion of the underpayment that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1).

"Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Marcello v. Commissioner,

---

[3] Petitioners claim that prior to 1991 they deducted the purchase price of racehorses as research and development expenses on their Federal income tax returns and that upon audit of their tax returns, respondent acquiesced in such treatment. Thus, they argue, they should be allowed to similarly deduct the purchase price of the racehorses for the year 1991. We reject petitioners' argument based on the established principle that each tax year is considered separately. See Harrah's Club v. United States, 228 Ct. Cl. 650, 661 F.2d 203, 205 (1981). However, we believe respondent's allowance of a deduction of the purchase price for petitioner's racehorse interests in prior years is a factor to be considered with respect to the sec. 6662(a) accuracy-related penalty.

380 F.2d 499, 506-507 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioner specialized in hematology.  He believed that studying the bloodline and genetic profile of thoroughbred horses could identify future champion racehorses, and he acquired interests in racehorses, in part, to prove his theory.  He credibly testifed as to his belief that the development of the bloodline of a thoroughbred horse was a "scientific endeavor".

Petitioners' accountant, Mr. Judge, advised them that they could deduct the purchase price of petitioner's interests in the racehorses as a research and experimental expense for 1991. Reasonable reliance on a professional in such a matter can shield a taxpayer from a finding of negligence.  Horn v. Commissioner, 90 T.C. 908, 942 (1988); Daoust v. Commissioner, T.C. Memo. 1994-203. We believe that petitioners' reliance on Mr. Judge was in good faith.

Further, petitioners had claimed such a deduction for earlier years, and when these returns were audited, such deductions were not disallowed.

Although the situation involved herein is a close case, we believe petitioners were not negligent.  Accordingly, we hold that

petitioners are not liable for the section 6662(a) accuracy-related penalty for 1991.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.